# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| LOLITA POLK, ) | |
| ) | |
| Plaintiff, ) | NO. 3:09-0765 |
| ) | JUDGE HAYNES |
| v. ) | |
| ) | |
| STATE OF TENNESSEE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## O R D E R

Plaintiff, Lolita Polk, an inmate at the Tennessee Prison for Women ("TPW"), filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Geralyn Hutchinson, Cheryl Donaldson, Dennis Henry, and Jason Boles, TPW employees. Plaintiff alleges that Defendants failed to protect her from an assault by other inmates on December 2, 2008 causing her physical and mental injuries and that her subsequent placement on administrative segregation caused her to lose good time credits.

Before the Court is the Defendants' motion for summary judgment (Docket Entry No. 27) contending that Plaintiff failed to exhausted her administrative remedies on the claims in this action. Also before the Court is the Plaintiff's motion to dismiss her claims against Defendant Jason Boles and Geralyn Hutchinson (Docket Entry No. 32).

Plaintiff filed two grievances during her incarceration in the Tennessee Department of Corrections ("TDOC"). (Docket Entry No. 30, Negron Affidavit at ¶ 3). Plaintiff's first grievance concerns only Pittman who allegedly "keeps disrespecting me by calling me names." Id. at Attachment thereto Grievance # 00208486 at 1. The Warden denied Plaintiff's appeal of that grievance. Id. at 9. Plaintiff did not appeal the Warden's response. Id. Plaintiff's second grievance complained that "Corporal Berry insists on talking to other inmates about my problems and telling them I've wrote him love letters." Id. at Attachment Grievance # 00209114 at 10. Plaintiff did not appeal the denial of that grievance.

In opposition to Defendants' motion Plaintiff filed a response to another grievance that she filed.

(Docket Entry No. 32, Attachments thereto), but none of these papers cited the Defendant Donaldson's alleged failure to protect her, but rather Plaintiff complained of Donaldson's failure to "have done a better job of telling me to stay to myself." Id. at 7.

Under the Prison Litigation Reform Act ("PLRA") "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a). PLRA exhaustion is required of all prisoners seeking redress under Section 1983 and is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). With this evidentiary showing, it is undisputed that Plaintiff did not file any grievance about the alleged acts and omissions of these Defendants at issue in this action. The Court concludes that Plaintiff did not file any grievances on the matters giving rise to her complaint in this action.

Thus, the Defendants' motion for summary judgment is **GRANTED** and this action is **DISMISSED without prejudice** for lack of jurisdiction. Plaintiff's motion (Docket Entry No. 32) is **GRANTED** and Plaintiff's claims against Defendants Boles and Hutchinson are **DISMISSED with prejudice**.

This is the Final Order in this action. Any appeal of this Order would not be in good faith, as required by 28 U.S.C. § 1983(a)(3).

It is so **ORDERED**.

**ENTERED** this the 25th day of May, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge

2